UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES GETCH, )<br>       Plaintiff, )<br> )<br>       v. )<br> )<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>Administration, )<br>       Defendant. ) | CAUSE NO.: 2:06-CV-143-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 30], filed by Plaintiff on November 11, 2008.[1] For the following reasons, the Court grants the Motion.

**BACKGROUND**

On December 10, 2002, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability since January 6, 2000. Plaintiff's application was denied initially and also upon reconsideration. Following a hearing, Administrative Law Judge Bryan Bernstein (the "ALJ") issued a decision on September 8, 2005, finding Plaintiff not disabled because he could not perform his past relevant work as a seam welder. Approximately one month after the ALJ issued his decision, Plaintiff submitted additional evidence to the Appeals Council and requested review of the ALJ's decision. The Appeals Council considered the new evidence but denied review, making the ALJ's decision the final decision of the Commissioner.

---

[1] Although the title of the motion includes the phrase "and for Entry of Final Judgment Order," there is no request in the motion for an entry of final judgment.

On April 12, 2006, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision. On August 9, 2006, Plaintiff filed an opening brief, submitting the following six arguments in favor of reversal or remand: (1) the ALJ erred in finding Plaintiff could perform his past relevant work; (2) the ALJ erred in failing to find Plaintiff's gout was a severe impairment at step 2; (3) the ALJ erred in failing to give controlling weight to Plaintiff's treating and examining physicians' opinions and in making independent medical findings; (4) the ALJ failed to properly analyze Plaintiff's credibility pursuant to SSR 96-7p; (5) the ALJ failed to properly analyze Plaintiff's obesity and failed to consider all of Plaintiff's impairments in combination; and (6) the Appeals Council committed an error of law by failing to reverse the ALJ's determination that Plaintiff's gout was not a severe impairment and the ALJ's related credibility finding.

On May 15, 2007, this Court issued an Opinion and Order affirming the Commissioner's final decision. Plaintiff appealed the decision, and, on August 13, 2008, the United States Court of Appeals for the Seventh Circuit reversed the judgment of this Court and remanded the case to the Commissioner for further proceedings on the issue of whether Plaintiff could perform his past relevant work in light of environmental factors and extreme temperatures.

On November 11, 2008, Plaintiff's counsel filed the instant Motion for Attorney's Fees. On November 26, 2008, the Commissioner filed a response in opposition to the fee request. Plaintiff has not filed a reply and the time in which to do so has passed.[2]

---

[2] It also appears that the Motion for Attorney's Fees that was filed was a draft copy as it contains numerous editing notes for further revision and the pages are not numbered. *See* Mot. Atty. Fees, pp. 4, 5, 8.

**ANALYSIS**

In the Motion for Attorney's Fees, Plaintiff's counsel requests an award of fees at an hourly rate of $163.37 for attorney work performed in 2006, 2007, and 2008, under the EAJA, representing the cost of living adjustments allowed by 28 U.S.C. § 2412(d)(2)(A)(ii) and the Consumer Price Index for July 2006.[3] Plaintiff's attorney also requests an hourly rate of $85.00 for work performed by a legal assistant. Counsel for Plaintiff requests attorney's fees in the amount of $29,840.15, which represents 80.2 attorney hours before the District Court worked at the rate of $163.37 per hour (totaling $13,102.27); 96.1 attorney hours before the Court of Appeals at the rate of $163.37 (totaling $15,699.85); legal assistant time in the amount of $365.50; and costs of $672.00. Although Plaintiff's attorney requests compensation for the time spent preparing the instant Motion for Attorney's Fees, there is no specific request for any such compensation.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time

---

[3] Based on the time sheet submitted with Plaintiff's Motion, it appears that three attorneys performed work on behalf of Plaintiff in this case. However, only a single attorney, Barry A. Schultz, entered his appearance on behalf of Plaintiff in this matter. Thus, in this Opinion and Order, the Court refers to Plaintiff's counsel as a single attorney.

expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B)).

In this case, it is uncontested that Plaintiff is the prevailing party and that the instant Motion was timely filed. Two issues are now before this Court: (A) whether the position of the Commissioner was "substantially justified;" and (B) whether the fees requested by Plaintiff's attorney are reasonable. The Court will address the issues separately.

### A. Substantially Justified

Considering whether the Commissioner was substantially justified, the Court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). A court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified

and vice versa." *Marcus*, 17 F.3d at 1036. The Court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the United States Court of Appeals for the Seventh Circuit explained, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568-69. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See Underwood*, 487 U.S. at 569. The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

In its Order, the Seventh Circuit remanded this case for further administrative proceedings with regard to one issue–whether, at step four of the sequential analysis, Plaintiff could return to his past relevant work, despite the limitation that he avoid extreme temperatures and chemical fumes. In remanding, the Court of Appeals identified other cases in which the ALJ ruled at step four that a claimant could return to past work without addressing whether specific medical conditions would affect the ability to perform that past work. *See Getch v. Astrue*, 539 F.3d 473, 480-81 (7th Cir.

5

2008) (citing *Smith v. Barnhart*, 388 F.2d 251, 252 (7th Cir. 2004); *Bowman v. Astrue*, 511 F.3d 1270, 1272-73 (10th Cir. 2008); *Pinto v. Massanari*, 249 V.3d 840, 845 (9th Cir. 2001); *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000)). In this case, the Court of Appeals noted that, although the ALJ had considered whether Plaintiff could meet other requirements of his past relevant work, the ALJ did not "determine whether the job of seam welder also would require [Plaintiff] to tolerate exposure to dust and extreme temperatures." *Id*. at 481. The Court of Appeals found that the ALJ had not built a "logical bridge" to the conclusion that Plaintiff could perform his past relevant work and did not expressly consider the impact of the work environment on Plaintiff.

Therefore, the Seventh Circuit specifically identified two corollary factual questions to be decided by the ALJ. First, the "ALJ must consider whether the environmental conditions under which [Plaintiff] labored are typical for seam welders or instead represent a departure from the norm." *Id*. at 482. Second, "the ALJ must decide whether [Plaintiff's] impairments in fact would prevent him from working around chemical fumes and extreme temperatures." *Id*. The Court of Appeals reasoned that "[w]ithout more evidence, however, the record is inconclusive, and the extent of [Plaintiff's] environmental limitations is precisely the type of contested factual issue the ALJ should have resolved." *Id*.

The evidence of record and testimony before the ALJ addressed the issue of environmental irritants and extreme temperatures. The State Agency physicians opined that Plaintiff should avoid concentrated exposure to temperature extremes. Plaintiff's treating physician opined that he should avoid pulmonary irritants. Plaintiff testified that exposure to both temperature extremes and pulmonary irritants caused him to cough and sneeze which in turn caused severe pain in his chest. The vocational expert also testified concerning the environmental atmosphere in which Plaintiff

6

performed his job. The ALJ did not address the impact of environmental irritants or extreme temperatures on Plaintiff's ability to perform his past relevant work.

The Seventh Circuit has indicated that "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Golembiewski*, 382 F.3d 721, 724 (7th Cir. 2004). Although the Seventh Circuit rejected three of Plaintiff's four arguments on appeal, it nevertheless explicitly found that the ALJ wholly failed to address the issue of the impact of extreme temperatures and environmental irritants on Plaintiff's ability to perform his past work despite numerous references to the issue in the record. In its description of the evidence of record, the Seventh Circuit identified the ambiguity in the evidence that needed to be resolved, noting that two doctors recommended that Plaintiff avoid extreme temperatures but did not identify other environmental restrictions, a third doctor concluded that temperature extremes would not affect Plaintiff but that dust and fumes would, and Plaintiff's treating cardiologist did not identify any environmental limitations at all when asked. The Seventh Circuit reasoned that this was "precisely" the type of factual issue that should have been resolved by the ALJ.

The Commissioner suggests that, had the ALJ articulated a conclusion on this issue based on this evidence that the record did not establish the environmental limitations claimed by Plaintiff, the Seventh Circuit likely would have affirmed the ALJ's decision in its entirety. However, the ALJ did not articulate any analysis or conclusion based on these facts of record. Similarly, the Commissioner reasons that the issue of whether the job of seam welder as it is generally performed requires exposure to extreme temperatures and chemical fumes was ambiguous, noting the Seventh Circuit's citation to the vocational expert's testimony that "'probably 50 percent' of the available

7

jobs for seam welders do not require exposure to chemical fumes or extreme temperatures." Again, however, the ALJ failed to consider whether the conditions of Plaintiff's job were an extreme or the norm. Given that the ALJ found that Plaintiff could perform his past relevant work at step 4 of the analysis, the Court finds that the Court of Appeals' remand order against the Commissioner's position sufficiently strong to conclude that the Commissioner's position was without substantial justification and that an award of attorney's fees is appropriate.

**B. Reasonableness of Fees**

Plaintiff now has the burden of proving that the EAJA fees he seeks are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); 28 U.S.C. § 2412(d)(1)(B). "'Hours that are not properly billed to one's client are also not properly billed to one's *adversary* pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*.

In this case, Plaintiff argues in his motion that 176.3 hours of attorney time before the District Court and the Court of Appeals is reasonable, citing other cases in which fees were awarded for a similar number of hours for similar work. In response, the Commissioner argues generally that the fees requested by Plaintiff are excessive. The Commissioner's sole specific argument is that, although there is nothing improper about advancing alternative arguments that do not prevail, the Court of Appeals nevertheless rejected "out of hand," based on a factual error in Plaintiff's

8

argument, Plaintiff's position on appeal that the Appeals Council had committed an error of law by failing to remand on the basis of evidence first submitted to the Council. Plaintiff has not submitted any reply in support of his request for fees responsive to the Commissioner's argument. The Commissioner does not object to the proposed hourly rates, the request for legal assistant time, or the request for costs.

Accordingly, the Court finds that Plaintiff should be awarded the requested fees with the exception of the attorney's fees for time allotted to advancing the Appeals Council argument to the Court of Appeals. Having reviewed Plaintiff's EAJA Itemization, the Court finds that the following attorney hours should be subtracted from the total attorney hours: 3 hours from the entries for August 26, 2007 and August 27, 2007; 1.3 hours from December 26, 2007; and 2.5 hours from December 27, 2007. Although Plaintiff represents that the total attorney hours are 176.3, the Court's calculation based on the "EAJA Itemization for: Charles Getch" submitted in support of this fee petition results in a total of 176 attorney hours. Therefore, the corrected total attorney hours is 169.2. At a rate of $163.37, the attorney fee award is $27,642.20. The total for Legal Assistant time is $365.50 (4.3 hours x $85/hour). The total costs requested in the Itemization is $672.65. Therefore, the total award is $28,680.35.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 30]. The Court awards Plaintiff's attorney a total of $28,680.35 in EAJA fees and costs. The Court further **ORDERS** that the payment in the amount of $28,680.35 be made directly to Plaintiff's attorney, Barry A. Schultz, in accordance with the Retainer and Fee Agreement for Federal Court Representation signed by Plaintiff.

SO ORDERED this 12th day of January, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record